FILED
SUPERIOR COURT
OF GUAM

2021 MAR 12 PM 4: 05

CLERK OF COURT
BY: _____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| ROBERT KITTEL and LAURA KITTEL, <br><br> Plaintiffs, <br><br> vs. <br><br> GUAM MEMORIAL HOSPITAL AUTHORITY, et al., <br><br> Defendants. | CIVIL CASE NO. CV1199-13 <br><br> **DECISION AND ORDER** |

## INTRODUCTION

This matter is before the Honorable Vernon P. Perez for reconsideration after appeal on Guam Memorial Hospital Authority's ("GMHA") Motion to Dismiss for Failure to Prosecute. GMHA is represented by Deputy Attorney General James L. Canto II and Plaintiffs Robert Kittel and Laura Kitell (collectively, "Plaintiffs") are represented by Attorney Joseph J. Iacopino. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

On September 24, 2013, Plaintiffs[1] filed a Complaint alleging defendants GMHA, Vincent A. Duenas, M.D., and Steven Hayashida, M.D.[2] breached their duty of care in their

---

[1] At the time of the filing of the initial Complaint, the Plaintiff in the matter was the Estate of Karen Ann Kittel. The Supreme Court of Guam granted Plaintiffs' Motion for Order re Substitution of Parties Plaintiff on appeal, and ordered Robert Kittel and Laura Kittel substituted as plaintiffs. *Kittel vs. Guam Memorial Hospital Authority*, 2020 Guam 3 ¶ 28.

---

*Kittel vs. GMHA*
Case No. CV1199-13
Decision and Order

treatment of Ms. Karen Ann Kittel in the fall of 2012. On January 23, 2014, an Amended Complaint was filed. On April 24, 2014, GMHA filed its Answer to the Amended Complaint.[3]

On April 29, 2014, Defendant Vincent A. Duenas, M.D. ("Dr. Duenas") filed a Motion for Stay, pursuant to the Medical Malpractice Mandatory Arbitration Act. This motion was unopposed by Plaintiffs, and the Court stayed the matter pending arbitration. *See* Plaintiffs' Resp. Mot. Stay, May 27, 2014; Def. Vincent Duenas, M.D. Reply to Plaintiff's Resp. to Mot. Stay, Jun. 10, 2014; Order Staying Proceedings, Aug. 26, 2014.

A year and a half later, on January 6, 2016, Plaintiffs filed a Stipulation and Order for Dismissal, dismissing the claims against Dr. Duenas with prejudice.

On May 16, 2016, Plaintiffs filed a Request for Further Proceedings.

On June 25, 2016, at a Status Hearing, Defendant Steven Hayashida, M.D. ("Dr. Hayashida") represented to the Court that he believed the stay did not apply to him, and that he was intending on filing a motion to dismiss for failure to prosecute.

On June 29, 2016, Dr. Hayashida filed a Motion to Dismiss for Failure to Prosecute, which GMHA subsequently joined on August 17, 2016.[4] After further briefing and oral arguments, the Court issued a Decision and Order granting the Motion to Dismiss. *See* Dec. & Order, Dec. 27, 2016. The matter was subsequently appealed.

On appeal, additional evidence was presented to the Supreme Court of Guam by GMHA in its supplemental excerpts of record that was never presented to this Court in consideration of the Motion to Dismiss. *Kittel vs. Guam Memorial Hospital Authority*, 2020 Guam 3 ¶ 23. The

---

[2] Co-defendants Dr. Vincent A. Duenas and Dr. Steven Hayashida are no longer part of the instant matter pursuant to stipulations for dismissal filed by counsel. *See* Stipulation and Order for Dismissal, Jan. 6, 2016; Stipulation and Order to Dismiss Defendant Steven Hayashida, M.D., Jan. 31, 2018.

[3] On April 24, 2014, GMHA filed a Notice of Errate Re: Answer to Amended Complaint, indicating that the Answer to Amended Complaint was inadvertently filed on March 24, 20214 with the wrong case number.

[4] GMHA's joinder did not include additional arguments or exhibits, simply setting forth as follows:

COMES NOW Defendant Guam Memorial Hospital Authority and Joins Defendant Hayashida's Motion to Dismiss for Failure to Prosecute the matter made pursuant to Guam R. Civ. P. 41(b).

Guam Memorial Hospital Authority's Joinder in Defendant Hayashida's Motion to Dismiss for Failure to Prosecute, Aug. 17, 2016.

---

*Kittel vs. GMHA*
Case No. CV1199-13
Decision and Order

Page 2 of 7

Supreme Court vacated the Judgment dismissing claims against GMHA for failure to prosecute because the Court was not presented with all the material facts, and remanded the matter back to this Court for reconsideration in light of this additional evidence. *Id.* at ¶¶ 26-29.

Upon remand, the Court ordered GMHA to submit the additional evidence to the Court as well as for further briefing in light of the additional evidence. (Order for Submission of Documents & for Further Briefing, Jul. 2, 2020; Second Order for Submission of Documents & for Further Briefing, Aug. 3, 2020).

On August 18, 2020, GMHA submitted the additional evidence, a letter, in compliance with the Court's Order.

On September 2, 2020, GMHA filed its Supplemental Brief regarding its position on the Motion to Dismiss for Failure to Prosecute in light of the additional evidence. On December 14, 2020, Plaintiffs filed their Response to GMHA's Supplemental Brief.[5] The Court subsequently placed the matter under advisement.

## DISCUSSION

Guam Rules of Civil Procedure Rule 41, which governs the dismissal of civil actions, provides in relevant part:

> (b) Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

---

[5]  The Court initially placed this matter under advisement on November 10, 2020, noting that it had not received any additional briefing from Plaintiffs. (Order Placing Mot. Dismiss Under Advisement, Nov. 10, 2020). Subsequently, on November 13, 2021, Attorney Canto filed a Declaration informing the Court that GMHA's Supplemental Brief was not served on Plaintiffs directly as he was unaware that Attorney Iacopino was counsel of record for Plaintiffs and requested that the Court afford Plaintiff an adequate opportunity to respond. (Decl. of James L. Canto, II, Nov. 13, 2020). The Court extended the time for Plaintiffs to file a response by December 14, 2020. (Order Permitting Plaintiff to File a Response to GMHA's Supplemental Brief, Nov. 17, 2020).

---

*Kittel vs. GMHA*
Case No. CV1199-13
Decision and Order

Guam R. Civ. P. 41(b). The Supreme Court of Guam adopted a five-factor test to determine whether a sanction of dismissal for failure to prosecute is appropriate:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*Quitugua vs. Flores*, 2004 Guam 19 ¶ 16 (citing *Santos v. Carney*, 1997 Guam 4). "Dismissal is appropriate if at least four factors favor dismissal or three factors 'strongly' support dismissal." *Park v. Kawashima*, 2010 Guam 10 ¶ 10 (citing *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). "The Plaintiff bears the burden of showing that the delay is reasonable and that the defendant is not prejudiced by the delay." *Santos*, 1997 Guam 4 ¶ 5 (citing *Franklin v. Murphy*, 745 F.2d 1221, 1232 (9th Cir. 1984)).

In reviewing Dr. Hayashida's Motion to Dismiss for Failure to Prosecute, to which GMHA joined, the Court found that dismissal was warranted under GRCP Rule 41(b) after considering all five factors. (Dec. & Order at 8, Dec. 27, 2016). The Court must now determine whether the additional evidence, a letter from GMHA's counsel to other counsels involved in this matter, not previously presented to the Court for consideration, affects this decision. The letter from GMHA's counsel dated October 17, 2014, sets forth as follows:

> "In response to Phil's correspondence dated October 13, 2014, I write to advise that the Guam Memorial Hospital Authority ("GMHA") will not be participating in arbitration. My understanding is that the above-referenced litigation with GMHA was stayed pending Plaintiff's arbitration with Co-defendants, Vincent A. Duenas, M.D. and Steven Hayashida, M.D., pursuant to the Medical Malpractice Mandatory Arbitration Act. As you know, proceedings with the GMHA follow the Government Claims Act."

Submission of Documents in Compliance with the Court's Second Order, Aug. 18, 2020.

In evaluating the first two factors, the public's interest in expeditious resolution and the Court's need to manage its docket, the Court examined whether the stay requested by Dr. Duenas and ultimately granted by the Court was good cause for Plaintiffs to not proceed in

*Kittel vs. GMHA*
Case No. CV1199-13
Decision and Order

Page 4 of 7

prosecuting its claims against Dr. Hayashida and GMHA.[6] (Dec. & Order at 3-6). The Court noted that the stay was requested pursuant to the Medical Malpractice Mandatory Arbitration Act, 10 GCA § 10114, which does not apply to GMHA as a Government of Guam entity, and that correspondence from Attorney Robert L. Keogh, counsel for Dr. Hayashida, and Attorney Jeffrey A. Cook, counsel for Dr. Duenas, to Attorney Phillip Torres, Plaintiff's former counsel, indicated Dr. Hayashida contested the effect of the stay on Dr. Hayashida and GMHA. *Id.* The October 2014 GMHA letter, however, clearly sets forth that GMHA counsel's understanding at the time was that the matter was also stayed to GMHA, even though GMHA was not participating in arbitration. *See* Submission of Documents in Compliance with the Court's Second Order, Aug. 18, 2020. Unlike Dr. Hayashida's counsel who specifically set forth his objection to the application of any stay to Dr. Hayashida, counsel for GMHA appeared to have acknowledged that the stay also applied to GMHA, pending completion of arbitration with the co-defendant(s). Accordingly, the Court finds that it was not unreasonable for Plaintiffs to not move forward with prosecuting the matter against GMHA, pending Plaintiffs' arbitration proceedings with Dr. Duenas.

The Court granted Plaintiffs' request for a stay pending Dr. Duenas's arbitration on August 26, 2014. On December 29, 2015, the Court received a Stipulation and Order for Dismissal with regard to Dr. Duenas's claims as a result of the arbitration, which was signed and stamp filed on January 6, 2016. Five months later, on May 16, 2016, Plaintiff filed a Request for a Further Proceedings. While the five-month delay may not have been as efficient for Plaintiff to move the matter forward, the Court does not find that it was an unreasonable delay. *See* Decl. of Phillip Torres, Oct. 14, 2016 (setting forth that on February 26, 2016, a Stipulation and Order to Lift Stay was forwarded to Dr. Hayashida (signed by Plaintiff and

---

[6] Under the first factor, the Court is "tasked with calculating the cumulative length of delay attributable to the plaintiff and examining whether the plaintiff failed to pursue the case diligently and did so for reasons that do not amount to good cause. The onus falls on the plaintiff to move the case along." *Guam Econ. Dev. Auth. v. Affordable Home Builders, Inc.,* 2013 Guam 12 ¶ 18 (citations omitted). The "second factor should be evaluated in conjunction with the first *Santos* factor as a concomitant concern over judicial economy." *Id.* at ¶ 29.

*Kittel vs. GMHA*
Case No. CV1199-13
Decision and Order

Page 5 of 7

GMHA) and on June 28, 2016, a Proposed Scheduling Order and Discovery Plan were forwarded to Dr. Hayashida (also signed by Plaintiff and GMHA)).

Neither Plaintiffs nor GMHA further address the remaining factors under *Quitugua* and *Santos* in their supplemental briefing. The Court, in review of the last three factors, no longer finds that they weigh in favor of dismissal. The third factor for the Court to consider is the risk of prejudice to the defendant. *Quitugua*, 2004 Guam 19 ¶ 16. "Once a delay is determined to be unreasonable, prejudice . . . is presumed." *Guam Econ. Dev. Auth.*, 2013 Guam 12 ¶ 34 (citing *Kawashima*, 2010 Guam 10 ¶ 21) (alteration in original). As the Court has now determined delay to be reasonable after reconsideration, there is no presumed prejudice to GMHA as the defendant. The fourth factor for the Court to consider is the public policy favoring the disposition of cases on their merits. *Quitugua*, 2004 Guam 19 ¶ 16. This factor ordinarily weighs against dismissal, *Santos*, 1997 Guam 4 ¶ 9, and must be balanced against the first two factors, the expeditious resolution of litigation and the court's need to manage its docket. *Guam Econ. Dev. Auth.*, 2013 Guam 12 ¶ 43 "[T]he plaintiff must move forward towards that disposition at a reasonable pace." *Id.* Because the Court has determined that the delay was not unreasonable, this factor also no longer weighs in favor of dismissal. Therefore, upon reconsideration, the Court notes that the first four factors no longer favor dismissal. As "[d]ismissal is appropriate if at least four factors favor dismissal or three factors 'strongly' support dismissal," *Kawashima*, 2010 Guam 10 ¶ 10, and neither situation remains in this matter, the Court does not need to further address the fifth factor, availability of less sanctions.

//

//

//

//

*Kittel vs. GMHA*
Case No. CV1199-13
Decision and Order

Page 6 of 7

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES GMHA's Motion to Dismiss for Failure to Prosecute. A remote Scheduling Conference is set for _April 15, 2021_ at ___2:00___ p.m. via teleconference. To appear for this remote hearing via teleconference, please dial **969-7000** and enter meeting ID number **116-7473-0337.**

**IT IS SO ORDERED** this 12th day of March, 2021.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
AG
V. Iacopino
Date: _____ Time: 3/12/21
Deputy Clerk, Superior Court of Guam

*Kittel vs. GMHA*
Case No. CV1199-13
Decision and Order